J-S73002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| FREDERICK DEMON DEAN | |
| Appellant | No. 1402 WDA 2015 |

Appeal from the Judgment of Sentence August 17, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0003379-2014

BEFORE:  FORD ELLIOTT, P.J.E., LAZARUS, J. AND JENKINS, J.

CONCURRING STATEMENT BY JENKINS, J.:    **FILED NOVEMBER 17, 2016**

I agree with the learned majority's disposition of this appeal and its determination that Appellant's brief was inadequate.  I write separately only to clarify that, even if this Court deemed the scant reference to law on pages seven and eight of his brief to be sufficient, Appellant's issue is devoid of merit.

Appellant challenges the sufficiency of the evidence for his convictions, particularly as it relates to his identity.  When examining a challenge to the sufficiency of evidence, our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt.  In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances

established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Hansley**, 24 A.3d 410, 416 (Pa.Super.2011), *appeal denied*, 32 A.3d 1275 (Pa.2011) (quoting **Commonwealth v. Jones**, 874 A.2d 108, 120-21 (Pa.Super.2005)).

Appellant does not contest that the Commonwealth presented evidence to support each of his convictions, he only contests that the Commonwealth presented sufficient evidence of his identity because the authorities did not conduct fingerprint or residue analysis on the gun or on Appellant and the surveillance footage did not positively show him shooting the gun.

As the majority notes, the surveillance footage corroborated police officers' testimony that Appellant was the perpetrator of the crimes he committed. Viewing this evidence in the light most favorable to the Commonwealth, there is sufficient evidence to enable the jury to find, beyond a reasonable doubt, that Appellant committed the crimes for which he was convicted.

Even if we chose to resolve Appellant's issue on the merits, it would provide him no relief.  Thus, I respectfully concur.

Judge Lazarus joins this Concurring Statement.